**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| MURALIDHAR REDDY LINGAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BATH & BODY WORKS, INC., GINA BOSWELL, DANIEL HEAP, and EVA C. BORATTO, <br><br> Defendants. | No. 2:26-cv-0039 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge S. Courter Morris Shimeall <br><br> <u>CLASS ACTION</u> |

<u>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF WEST VIRGINIA INVESTMENT MANAGEMENT BOARD FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL**</u>

Proposed Lead Plaintiff West Virginia IMB[1] respectfully submits this Memorandum of Law in further support of its Motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel, and in opposition to the competing movant.[2]

**PRELIMINARY STATEMENT**

West Virginia IMB is the most adequate plaintiff under the PSLRA and should be appointed Lead Plaintiff.  With losses of **$10,531,757**, over twenty times the loss of the only

---

[1]  All definitions and abbreviations used herein remain unchanged from West Virginia IMB's initial moving brief, unless otherwise indicated (the "Motion").  *See* Motion, ECF No. 8 at PageID 77-90.  All citations and internal quotations are omitted, and all emphasis is added, unless noted.

[2]  In addition to West Virginia IMB, one other investor filed for Lead Plaintiff appointment on March 14, 2026: City of Miami Fire Fighters and Police Officers' Retirement Trust ("Miami FIPO") (the "Miami FIPO Motion").  Miami FIPO Motion, ECF No. 9 at PageID 155-67.

competing movant, West Virginia IMB unquestionably has the largest financial interest. West Virginia IMB also satisfies the typicality and adequacy requirements of Rule 23. West Virginia IMB is typical of the Class because it transacted in Bath & Body Works securities and was harmed once the artificial inflation was removed from the price of those securities. West Virginia IMB is likewise adequate as it lacks any antagonism towards absent Class members and has selected Labaton, a nationally recognized securities class action firm, as proposed Lead Counsel. West Virginia IMB has also selected Mark Troutman and Shawn Judge of Troutman & Judge as proposed Liaison Counsel based upon their experience in litigating complex cases in this jurisdiction, including cases like this Action. In addition, West Virginia IMB submitted a sworn Certification affirming its willingness to serve as Lead Plaintiff. *See* Certification, ECF No. 8-2 PageID 93-101.

Thus, in accordance with the PSLRA, West Virginia IMB is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). No movant has submitted or will be able to submit the requisite "proof" to rebut this presumption. *Id.* § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (noting that the fact that the presumption is "rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient" and that "the statute provides that the presumption may be rebutted only upon proof."). As a result, the PSLRA's "sequential" review process dictates that the Court's inquiry begins and ends with West Virginia IMB.

## ARGUMENT

## I. WEST VIRGINIA IMB SHOULD BE APPOINTED AS LEAD PLAINTIFF

West Virginia IMB respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and

adequacy requirements.  S*ee City of Fort Lauderdale Gen. Emp. Ret. Sys. v. Holley Inc.,* No. 1:23-CV-00148-GNS, 2024 WL 780437, at \*3 (W.D. Ky. Feb. 26, 2024) (appointing pension fund who made *prima facie* showing of typicality and adequacy).

**A.** **West Virginia IMB Has the Largest Financial Interest in the Relief Sought by the Class**

West Virginia IMB has, without a doubt, the largest financial interest in the relief sought by the Class.  As both movants acknowledge, courts in this Circuit examine four factors to determine which movant has the largest financial interest: number of securities purchased, net number of securities purchased, the movants' net expenditures, and the loss suffered by the movants.  Motion, ECF No. 8 at PageID 84; Miami FIPO Motion, ECF No. 9 at PageID 161-62.  Courts in this Circuit have held that a movant's loss is the most important factor.  *See Kolominsky v. Root, Inc.*, No. 2:21-CV-01197, 2022 WL 190053, at \*2 (S.D. Ohio Jan. 21, 2022) (finding a pension fund movant that suffered the largest loss had the largest financial interest).  As demonstrated by the following chart, the financial interest of the competing movant is far smaller than that of West Virginia IMB under all four factors:

| MOVANT[3] | SHARES PURCHASED | NET SHARES PURCHASED | NET EXPENDITURES | LOSS |
|---|---|---|---|---|
| West Virginia IMB | **1,716,528** | **1,040,477** | **$26,792,209** | **($10,531,757)** |
| Miami FIPO | 28,800 | 11,125 | $277,128 | ($503,503) |

As such, there can be no dispute that West Virginia IMB has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3]  Loss figures were taken from the loss charts accompanying each respective movant's initial motion.  *Compare* Loss Analysis, ECF No. 8-3 at PageID 102-08 *with* Financial Interest Analysis, ECF No. 9-4 at Page ID 178-79.

**B.      West Virginia IMB Satisfies the Requirements of Rule 23**

In addition to suffering the largest loss, West Virginia IMB also satisfies the PSLRA's preliminary showing of typicality and adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See Nelson v. Sun Cmtys., Inc.*, No. 24-13314, 2025 WL 1983450, at *2 (E.D. Mich. July 17, 2025) ("At this stage of the litigation, however, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate.").  West Virginia IMB unquestionably satisfies both requirements.

**1.      West Virginia IMB Is Typical**

West Virginia IMB is typical of the Class as a whole and not subject to any potentially disqualifying unique defenses.  *See* Motion, ECF No. 8 at PageID 84-85.  Typicality is satisfied where the movant's "claims arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members."  *Pio v. Gen. Motors Co.*, No. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014).

West Virginia IMB's claims are typical of the Class as a whole.  West Virginia IMB suffered losses on its investments in Bath & Body Works securities as a result of Defendants' alleged misstatements and/or omissions.  Therefore, West Virginia IMB's claims are based on the same course of events as the claims of the Class and will rely upon the same legal theories.  Thus, West Virginia IMB satisfies the typicality requirement.

**2.      West Virginia IMB Is Adequate**

West Virginia IMB also satisfies Rule 23's adequacy requirement.  *See* Motion, ECF No. 8 at PageID 85-87.  The adequacy requirement is satisfied where the movant "ha[s] common interests with those of unnamed class representatives and is capable of vigorously prosecuting the action with the assistance of qualified counsel."  *Gen. Motors Co.*, 2014 WL 5421230, at *4.

Given its significant losses and substantial resources, West Virginia IMB is strongly motivated to vigorously act as an advocate and fiduciary on behalf of the Class and is well equipped to oversee counsel in this regard.  Further, West Virginia IMB has demonstrated its adequacy through the selection of Labaton, a firm with decades of experience successfully litigating securities class actions, as proposed Lead Counsel for the Class.  *See* Labaton Firm Resume, ECF No. 8-5 at PageID 112-48.  West Virginia IMB has also selected Troutman & Judge as proposed Liaison Counsel to assist with this litigation.  Further, there is no conflict of interest between West Virginia IMB's interests and those of other Class members.  To the contrary, the interests of West Virginia IMB and other Class members are directly aligned because all suffered damages from their purchases of Bath & Body Works securities at prices artificially inflated by Defendants' misconduct.

Additionally, West Virginia IMB is a sophisticated institutional investor committed to achieving the best possible result for the Class and possesses the experience, resources, and capability necessary to oversee this complex litigation and its counsel.  *See* Motion, ECF No. 8 at PageID 86-87.  For instance, West Virginia IMB successfully served as lead plaintiff in *In re In re SCANA Corp. Securities Litigation*, No. 17-cv-02616 (D.S.C.), which resulted in a favorable $192.5 million settlement for investors.  Therefore, West Virginia IMB, which oversees billions of dollars in assets and has effectively served as lead plaintiff in past PSLRA lawsuits, is the paradigmatic Lead Plaintiff envisioned by Congress.  *See* H.R. Conf. Rep. No. 103-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving quality of representation in securities class actions"); *Porter v. Graftech Int'l Ltd.*, No. 1:24 CV 00154, 2024 WL 2189642, at *13 (N.D. Ohio May 15, 2024) (acknowledging

"Congress's expressed preference for appointment of institutional investors as lead plaintiffs in PSLRA actions").

Based on the foregoing, West Virginia IMB, as the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, is entitled to appointment as Lead Plaintiff.

> **C.**     **The Presumption That West Virginia IMB Should Be Appointed Lead Plaintiff Cannot Be Rebutted**

To overcome the presumption entitling West Virginia IMB to appointment as Lead Plaintiff, the PSLRA requires the remaining Lead Plaintiff movants to present "proof" that it is inadequate to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). No other movant has submitted or will be able to submit the required "proof" that West Virginia IMB fails on typicality or adequacy grounds. Therefore, West Virginia IMB is entitled to appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof").

## II.     THE COMPETING MOTION SHOULD BE DENIED

As West Virginia IMB is the unrebutted and unopposed presumptive PSLRA Lead Plaintiff in this case, the plain language of the statute mandates West Virginia IMB's appointment and the denial of the competing motion. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status."). Therefore, the competing Lead Plaintiff motion should be denied.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, West Virginia IMB respectfully requests the Court grant its

6

motion and enter an Order: (1) appointing West Virginia IMB as Lead Plaintiff; (2) approving West Virginia IMB's selection of Lead and Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED: April 3, 2026

Respectfully submitted,

**TROUTMAN & JUDGE LLC**

*/s/ Mark H. Troutman*
Mark H. Troutman (0076390), Trial Attorney
Shawn K. Judge (0069493)
1700 Lake Shore Drive, Suite 220
Columbus, OH 43204
Tel: (740) 866-0630
mtroutman@troutmanjudge.com
sjudge@troutmanjudge.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (admitted *pro hac vice*)
Connor C. Boehme (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff*
*and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, I electronically filed the foregoing with the Clerk of the Court using its CM/ECF system that will send a notice of electronic filing to all counsel of record.

/s/ Mark H. Troutman
Mark H. Troutman

*Proposed Liaison Counsel for the Class*

8