## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MURALIDHAR REDDY LINGAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BATH & BODY WORKS, INC., GINA BOSWELL, DANIEL HEAP, and EVA C. BORATTO, <br><br> Defendants. | Case No. 2:26-cv-00039-MHW-EPD <br><br> **PLAINTIFF MURALIDHAR REDDY LINGAM'S RESPONSE TO THE MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Plaintiff Muralidhar Reddy Lingam ("Lingam") submits the response to the motions for a appointment as lead plaintiff and approval of counsel filed by West Virginia Investment Management Board ("West Virginia IMB") and City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami FIPO" and collectively, the "Institutional Investors"). *See* Dkt. Nos. 8, 9. Lingam should be appointed as co-lead plaintiff because Lingam is the only plaintiff with the standing and incentive to adequately represent class members who purchased options, and because the class will be well-served by the diverse representation of both an institutional and an individual retail investor.

## I. ARGUMENT

Lingam meets all the requirements to be appointed as lead plaintiff (or co-lead plaintiff) under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* 15 U.S. Code § 78u-4(a)(3)(B)(iii)(I). Lingam filed the complaint in this action. *See id.* (aa). Neither Institutional

Investor contests that Lingam is adequate and typical of the class. *See id.* (cc). And, at least with respect to options losses, Lingam has the largest financial interest. *See id.* at (bb).

**A.      Lingam Should Be Appointed As Co-Lead Plaintiff To Protect The Interests Of Options Holders**

The Court has the authority and discretion to appoint co-lead plaintiffs and co-lead counsel to ensure adequate representation throughout all stages of this case, consistent with the PSLRA. Specifically, the PSLRA provides that the Court has the authority to appoint the "member *or members* of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added); *In re Tyco Int'l, Ltd.*, 2000 WL 1513772, at *4 (D.N.H. Aug. 17, 2000) (appointing three lead plaintiffs and noting that "a group that consists of a small number of large shareholders should be capable of managing this litigation and providing direction to class counsel").

Moreover, courts often appoint co-lead plaintiffs to ensure that all class members are properly represented and that the potential recovery for all class members is maximized. *See, e.g., In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (appointing co-lead plaintiffs "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants").

It is also common for courts to appoint co-lead plaintiffs where the arrangement will protect the class from potential certification issues, provide strategic flexibility in litigating the action, or ensure the class is represented by investors with differing perspectives. *See In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (finding that appointing a co-lead plaintiff would provide "additional representation [that] may benefit the class and provide flexibility, if needed, in the future"); *Johnson v. Pozen Inc.*, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008)

("[A] Co–Lead Plaintiff structure will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason."); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (appointing co-lead plaintiffs "since each may bring a unique perspective to the litigation"). The reasoning in these cases applies with equal force in the instant action.

Here, the class in this action includes all persons that purchased "securities," which broadly includes both stock and options. *See* Dkt. No. 1 ¶ 1. While both Institutional Investors claim a larger stock loss than Lingam, only Lingam has a loss on options. As illustrated in the financial interest analysis, submitted herewith, Lingam suffered a loss of more than $100,000 on his options purchases. *See* Ex. A (Financial Interest Analysis) to the Declaration of Richard S. Wayne in Support of Plaintiff Muralidhar Reddy Lingam's Response to the Motions for Appointment as Lead Plaintiff and Approval of Counsel (Attached hereto as Ex. 1. - "Wayne Decl."). The Institutional Investors, in contrast, purchased no options and therefore lack standing to even assert options claims. While the Institutional Investors could theoretically later add an options holder as an additional plaintiff to establish standing, they have not identified any candidate, much less a candidate with a financial interest as large as Lingam's.

Declining to appoint Lingam as co-lead plaintiff could create needless complications, inter-security conflict, and threaten judicial economy for multiple reasons. First, if there is no options holder lead plaintiff, it will invite attacks from the defendants regarding options holder standing. Second, without an options lead plaintiff representative, there is no guarantee that options purchasers will be protected throughout the case. For example, if there is ultimately a recovery in this action, there will be no lead plaintiff with options losses to ensure that the plan of allocation

appropriately divides the recovery between stock and options investors. Without such a representative, it is possible that options holders will effectively be shut out of the recovery or, at a minimum, the recovery will disproportionately reward stock investors over options investors.

The Court has the ability to foreclose any and all such complications at the outset by appointing Lingam as co-lead plaintiff. Moreover, there is virtually no downside risk to appointing Lingam as co-lead plaintiff. As such, Lingam should be appointed as co-lead plaintiff to ensure that options holding class members' interests are adequately protected.

**B. Lingam Should Also Be Appointed As Co-Lead Plaintiff Because The Class Will Be Well-Served By A Diversity Of Individual And Institutional Representation**

As courts have recognized, it is "desirable to have both an institutional investor . . . and individual investors . . . included as lead plaintiffs since each may bring a unique perspective to the litigation." *Campbell Soup*, 2000 WL 486956, at *3; *see also Oxford Health Plans*, 182 F.R.D. at 49 ("Allowing for diverse representation, including in this case a state pension fund, significant individual investors and a large institutional investor, ensures that the interests of all class members will be adequately represented . . . and that the settlement process will not be distorted by the differing aims of differently situated claimants."); *Weisz v. Calpine Corp.*, 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) ("The Court finds that appointing both an institutional and an individual investor to serve as co-lead plaintiffs will ensure that all class members will adequately be represented in the prosecution of this action."). As such, whichever institution is appointed to represent the interests of stockholders, their joint appointment with Lingam who has options losses will ensure that the diverse class is represented by appropriately diverse leadership.

**C.     Lingam's Choice Of Counsel Should Be Approved As Co-Lead Counsel**

Since Lingam should be appointed as co-lead plaintiff, and the PSLRA permits lead plaintiffs to select counsel, with court approval, *see* 15 U.S.C. §78u-4(a)(3)(B)(v), Lingam's selection of Glancy Prongay Wolke & Rotter LLP ("GPWR") as co-lead counsel and Strauss Troy Co., LPA ("Strauss Troy") as liaison counsel, should be approved. GPWR possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé submitted herewith. *See* Wayne Decl., Ex. B. GPWR recently obtained final approval of a $433.5 million settlement on behalf of Alibaba Group Holding Limited investors, and final approval of a $120 million settlement on behalf of ViacomCBS Inc. investors. The firm's success on behalf of investors was recognized by Law360, which named GPWR one of the 2025 Law360 Securities Groups of the Year. As such, the Court may be assured that, by approving Lingam's selection of counsel, the class will receive the highest caliber of legal representation.

**II.     CONCLUSION**

For the foregoing reasons, Lingam respectfully requests that the Court deny in part the Institutional Investors' motions for appointment as lead plaintiff to the extent that they seek sole appointment. Further, Lingam requests that the Court: (1) appoint Lingam as co-lead plaintiff; and (2) approve Lingam' selection of Glancy Prongay Wolke & Rotter LLP as co-lead counsel and Strauss Troy Co., LPA as liaison counsel for the class.

Dated: April 6, 2026                   **STRAUSS TROY CO., LPA**

By: *Richard S. Wayne*
Richard S. Wayne, Attorney Bar No. 0022390
Robert S. Sparks, Attorney Bar No. 0073573
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
Tel. : (513) 621-2120

Fax:(513)629-9426
Email: rswayne@strausstroy.com
Email: rrsparks@strausstroy.com

*Liaison Counsel for Plaintiff Muralidhar Reddy Lingam and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY WOLKE & ROTTER LLP**
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com

*Counsel for Plaintiff Muralidhar Reddy Lingam and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court for the Southern District of Ohio, this 6th day of April, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Richard S. Wayne*
Richard S. Wayne (0022390)