**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MURALIDHAR REDDY LINGAM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>BATH & BODY WORKS, INC., GINA BOSWELL, DANIEL HEAP, and EVA C. BORATTO,<br><br>       Defendants. | Case No. 2:26-cv-00039-MHW-EPD<br><br>**PLAINTIFF MURALIDHAR REDDY LINGAM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS REQUEST FOR APPOINTMENT AS CO-LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** |

Plaintiff Lingam[1] submits this reply memorandum of law in support of his request for appointment as co-lead plaintiff and approval of co-lead counsel (Dkt. No. 17), and in response to the memoranda filed by West Virginia IMB (Dkt. No. 15, "WV Response") and Miami FIPO (Dkt. No. 16, "Miami Response").

As explained in Lingam's response, *see* Dkt. No. 17, Lingam should be appointed as co-lead plaintiff and his selection of co-lead counsel should be approved because only Lingam has standing (and the incentive) to represent class members who purchased options, and because the class will be well-served by the diverse representation of both an institutional and an individual retail investor. *See In re MGM Mirage Sec. Litig.*, 2010 WL 4316754, at *5 (D. Nev. Oct. 25, 2010) (appointing a co-lead plaintiff that bought debt securities in part because "a co-lead plaintiff that bought debt securities" is "positioned to vigorously advocate on behalf of similarly-situated debt purchasers").

The responses filed by West Virginia IMB and Miami FIPO underscore the need to appoint Lingam as co-lead plaintiff. While both Institutional Investors highlight their substantial stock losses (*see* WV Response at 3; Miami Response at 2), neither explain how they intend to address the fact that they lack standing to allege options claims. Moreover, in the event of a settlement, the lead plaintiffs will be responsible for establishing the division of the recovery between stock and options holders. The Institutional Investors have not explained how they intend to balance the interests of options purchasers against their own interests in maximizing the recovery for stock purchasers. In fact, the Institutional Investors ignore these issues entirely. As such, the Institutional Investors' briefing does not inspire confidence that they can or will protect the interests of options

---

[1] All capitalized terms herein shall have the same meaning as in as in Plaintiff Muralidhar Reddy Lingam's Response to the Motions for Appointment as Lead Plaintiff and Approval of Counsel, Dkt. No. 17.

purchasers. Accordingly, the Court should exercise its discretion here at the outset to appoint Lingam as co-lead plaintiff to protect options purchasers.

Faced with a similar situation, the Court in *Athira*, appointed co-lead plaintiffs to ensure that co-lead plaintiffs had standing for all claims. *See Wang v. Athira Pharma, Inc.*, 2021 WL 4726458, at *4 (W.D. Wash. Oct. 5, 2021). In *Athira*, the movant with by far the largest loss ($449,299.04) had standing to allege only one category of the class's claims (the Exchange Act claims). *See id.* at *2. In response, the competing movants argued that the movant with the largest loss was "an inadequate lead plaintiff with respect to the Securities Act claims" because he lacked standing to assert them, and requested appointment of a co-lead plaintiff with standing to allege the Securities Act claims. *See id.* at *2. The *Athira* court agreed, noting that "district courts have recognized circumstances in which appointment of co-lead plaintiffs is appropriate" including when proposed co-lead plaintiffs purchased different securities and/or have standing for different claims. *See Athira*, 2021 WL 4726458, at *3 (citing *MGM Mirage*, 2010 WL 4316754). Accordingly, the *Athira* court appointed a movant with a much smaller Securities Act loss of just $44,737 to be co-lead plaintiff. *See Athira*, 2021 WL 4726458, at *2-*4 ("[T]he Court is persuaded that a class member with standing to assert Securities Act claims should also be appointed as a co-lead plaintiff."). The same result is warranted here.

In fact, the *Athira* court's willingness to appoint co-lead plaintiffs ultimately saved the action from becoming derailed because the Exchange Act claims were later dismissed, but certain Securities Act claims were preserved. *See Nacif v. Athira Pharma, Inc.*, 2022 WL 3028579, at *19 (W.D. Wash. July 29, 2022). The *Athira* action ultimately settled.

Notably, the co-lead firms in *Athira* are the Glancy firm and the Labaton firm who here represent Lingam and West Virginia IMB, respectively. As such, the firms have a history of

Case: 2:26-cv-00039-MHW-SCS Doc #: 18 Filed: 04/20/26 Page: 4 of 5  PAGEID #: 303

effectively working together as co-lead counsel in similar circumstances, and no doubt would work well together here if appointed as co-lead counsel.

For the foregoing reasons, Lingam requests that the Court appoint Lingam as co-lead plaintiff and approve Lingam's selection of Glancy Prongay Wolke & Rotter LLP as co-lead counsel and Strauss Troy Co., LPA as liaison counsel for the class.

Dated: April 20, 2026          **STRAUSS TROY CO., LPA**

By: *Richard S. Wayne*
Richard S. Wayne, Attorney Bar No. 0022390
Robert S. Sparks, Attorney Bar No. 0073573
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
Tel. : (513) 621-2120
Fax:(513)629-9426
Email: rswayne@strausstroy.com
Email: rrsparks@strausstroy.com

*Liaison Counsel for Plaintiff Muralidhar Reddy Lingam and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY WOLKE & ROTTER LLP**
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com

*Counsel for Plaintiff Muralidhar Reddy Lingam and Proposed Co-Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 20, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern district of Ohio, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 20, 2026, at Cincinnati, Ohio.

*/s/ Richard S. Wayne*
Richard S. Wayne (0022390)