**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| MURALIDHAR REDDY LINGAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BATH & BODY WORKS, INC., GINA BOSWELL, DANIEL HEAP, and EVA C. BORATTO,<br><br>Defendants. | No. 2:26-cv-0039<br><br>Judge Michael H. Watson<br><br>Magistrate Judge S. Courter Morris Shimeall<br><br><u>CLASS ACTION</u> |

<u>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF WEST VIRGINIA INVESTMENT MANAGEMENT BOARD FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL**</u>

Proposed Lead Plaintiff West Virginia IMB[1] respectfully submits this Reply Memorandum of Law in further support of its Motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel, and in opposition to the competing movant.

**PRELIMINARY STATEMENT**

No party disputes that West Virginia IMB has the largest financial interest in this action, nor has any party attempted to rebut the presumption that it is the most adequate plaintiff under the PSLRA. The conclusion is inescapable: West Virginia IMB must be appointed as the sole Lead Plaintiff. Rather than offering any evidence to rebut West Virginia IMB's presumptive

---

[1]  All definitions and abbreviations used herein remain unchanged from West Virginia IMB's initial moving brief, unless otherwise indicated (the "Motion"). *See* Motion, ECF No. 8 at PageID 77-90. All citations and internal quotations are omitted, and all emphasis is added, unless noted.

status, Muralidhar Reddy Lingam ("Lingam") advances two baseless arguments that Lingam should be appointed Co-Lead Plaintiff alongside West Virginia IMB. First, Lingam argues that an options trader is needed as Co-Lead Plaintiff to represent options traders. This is not and has never been a requirement under the PSLRA. *Bodri v. Gopro, Inc.*, No. 16-CV-00232-JST, 2016 WL 1718217, at \*6 (N.D. Cal. Apr. 28, 2016) ("[T]he fact that plaintiffs might have different types of securities also does not require a separate class or co-lead plaintiffs."). Second, Lingam argues that the Class would benefit from having both an institution and an individual serve as Co-Lead Plaintiff. Courts routinely reject such requests, consistently finding that single institutions are more than capable of adequately representing classes of investors. *See, e.g. In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (rejecting a request for co-lead plaintiff appointing).

The PSLRA mandates a straightforward and sequential three-step process establishing a presumption that the "most adequate plaintiff in any private action arising under this chapter is the person or group of persons" with the "largest financial interest" that has made a preliminary showing of the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-CV-1106, 2017 WL 5759361, at \*2 (N.D. Ohio Nov. 28, 2017) ("The PSLRA's sequential process demands that I consider potential lead plaintiffs one at a time, beginning with the movant who has the greatest financial interest in the action."). Lingam's attempt to sidestep that process should be rejected.

Accordingly, as the movant with the largest financial interest who also satisfies Rule 23's typicality and adequacy requirements, West Virginia IMB is the presumptive "most adequate plaintiff" under the PSLRA and must be appointed Lead Plaintiff.

**ARGUMENT**

**I.  WEST VIRGINIA IMB IS THE UNREBUTTED, PRESUMPTIVE LEAD PLAINTIFF**

West Virginia IMB has the "largest financial interest" and has made a *prima facie* showing of its adequacy and typicality, and is thus entitled to the PSLRA's presumption.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The PSLRA outlines a simple, sequential process for selecting the Lead Plaintiff.  First, the Court identifies the "applicant with the largest financial interest in the litigation."  *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *3 (W.D. Tenn. Dec. 15, 2010).  Then, "the Court analyzes *that party* alone to see if it complies with the requirements of Rule 23."  *Id.* (emphasis in original).  "If it does, it becomes the presumptive lead plaintiff." *Id.*; *see also Boynton Beach Firefighters' Pension Fund*, 2017 WL 5759361, at *2 ("The PSLRA's sequential process demands that I consider potential lead plaintiffs one at a time, beginning with the movant who has the greatest financial interest in the action").

There is no question that West Virginia IMB has, by far, the largest financial interest in the relief sought by the Class.  Even the other investors seeking Lead Plaintiff appointment concede that West Virginia IMB's financial interest is larger.  *See* City of Miami Fire Fighters' and Police Officers' Retirement Trust Response, ECF No. 16 PageID 262; Lingam Response, ECF No. 17 PageID 268.  Likewise, there is no question that West Virginia IMB satisfies the relevant Rule 23 requirements.  West Virginia IMB has made a clear showing that it is adequate and typical.  West Virginia IMB Brief in Further Support, ECF No. 15 PageID 256-58.  No party has in any way challenged West Virginia IMB's adequacy or typicality or attempted to rebut the presumption in its favor.  *See* City of Miami Fire Fighters' and Police Officers' Retirement Trust Response, ECF No. 16 PageID 261-65; Lingam Response, ECF No. 17 PageID 266-71.  Accordingly, under the

3

sequential process mandated by the PSLRA, West Virginia IMB is the presumptive Lead Plaintiff and must be appointed.

## II. LINGAM'S CO-LEADERSHIP REQUEST SHOULD BE DENIED

While recognizing that West Virginia IMB has the greatest financial interest in this action and meets the requirements of Rule 23, Lingam asks the Court to disregard the sequential PSLRA lead plaintiff process and appoint West Virginia IMB and Lingam as Co-Lead Plaintiffs. Requests of this kind are routinely rejected because they run counter to the PSLRA's sequential lead plaintiff selection process. Lingam's request should be denied.

Lingam's arguments for Co-Lead Plaintiff appointment are without merit and have been repeatedly rejected by courts. First, Lingam posits that an options trader is needed to properly represent the Class. Lingam Response, ECF No. 17 PageID 267-69. This is simply wrong. As an institutional investor with substantial losses in Bath & Body Works securities purchased during the Class Period, West Virginia IMB is ideally situated and powerfully motivated to vigorously litigate this Action on behalf of the entire Class. There is no legal basis—and Lingam cites none— for appointing a separate Lead Plaintiff for each type of security. *Gopro, Inc.*, 2016 WL 1718217, at *6 ("[T]he fact that plaintiffs might have different types of securities also does not require a separate class or co-lead plaintiffs.")

Second, Lingam speculates, without a shred of evidence or explanation, that the Class would somehow benefit from having both an institution and individual serve as Co-Lead Plaintiff. Lingam Response, ECF No. 17 PageID 269. This argument turns the PSLRA on its head. Congress designed the PSLRA precisely so that well-qualified institutional investors like West Virginia IMB would control securities class actions. Appointing Lingam alongside West Virginia IMB for the sake of "diverse leadership" (Lingam Response, ECF No. 17 PageID 269) would thwart this Congressional design. *Porter v. Graftech Int'l Ltd.*, No. 1:24 CV 00154, 2024 WL

4

2189642, at *13 (N.D. Ohio May 15, 2024) (acknowledging "Congress's expressed preference for appointment of institutional investors as lead plaintiffs in PSLRA actions").

Accordingly, Lingam's arguments for co-leadership are meritless and must be rejected in favor of the PSLRA's clear statutory framework, which establishes West Virginia IMB as the sole Lead Plaintiff.

### A. Separate Leadership To Represent Options Traders is Not Required

Lingam's request for Co-Lead Plaintiff status based on options trading is fundamentally incompatible with the PSLRA's design. Courts routinely reject such fragmented leadership arrangements because they find no support whatsoever in the statute. *See Kabak as Tr. of Stephen Kabak & Joy Schary Living Tr. v. Becton, Dickinson & Co.*, No. CV 20-2155 (SRC), 2020 WL 3056281, at *3 (D.N.J. June 9, 2020) ("The fragmented lead plaintiff arrangement [movant] proposes finds no support in the PSLRA, which not only sets forth two objective factors for lead plaintiff but in fact requires that the class member meeting those factors be appointed to direct the litigation on behalf of all plaintiffs unless contrary evidence is presented."); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *10 (N.D. Ill. Nov. 15, 2019) ("[C]ourts routinely reject petitions for appointment as co-lead plaintiffs to represent the interests of various varieties of claimants and claims, however, as inconsistent with the PSLRA's focus on appointing as lead plaintiff an entity or person capable of exercising overall control of the litigation."). The mere fact that Lingam traded options while West Virginia IMB invested in common stock provides no justification for departing from the PSLRA's mandatory sequential process.

This principle applies with particular force here, where the claims of all class members-whether they held common stock or other securities-arise from the identical underlying misrepresentations. *See In re B. Riley Fin., Inc.*, No. 2:24-CV-00662-SPG-AJR, 2025 WL

2701764, at *5 (C.D. Cal. Feb. 4, 2025) ("Notwithstanding the class's composition of both common stockholders and debt holders, pleading the same underlying factual allegations regarding a defendant's purported misstatement generally undermines the need for subclasses or co-lead plaintiffs"). Critically, Lingam has failed to identify any specific interest of options holders that West Virginia IMB cannot adequately represent. *See Barua v. Zillow Grp., Inc.*, No. C21-1551 TSZ, 2022 WL 474000, at *3 (W.D. Wash. Feb. 16, 2022) ("[Movant] has not shown that [presumptive lead plaintiff's] interests are separate or independent of the other shareholders' interests."). As a sophisticated institutional investor with an enormous financial stake in the outcome of this Action, West Virginia IMB is strongly motivated to pursue the maximum recovery for all Class members, including those who traded in options. Lingam's vague assertions about the benefits of "diverse leadership" cannot overcome West Virginia IMB's demonstrated adequacy.

The cases Lingam cites, each of which is outside this Circuit and decades out of date, do nothing to defeat the conclusion that West Virginia IMB should be appointed as the sole Lead Plaintiff. Lingam Response, ECF No. 17 PageID 269. If anything, they represent an outdated, minority position where courts occasionally approved co-leadership structures. Moreover, they are distinguishable from the facts at issue. In *In re Oxford Health Plans, Inc., Sec. Litig.*, the court appointed co-lead plaintiffs because the presumptive lead plaintiff indicated it may not be able to cover the costs of the litigation. 182 F.R.D. 42, 46 (S.D.N.Y. 1998). Here, that is not an issue. West Virginia IMB's counsel has agreed to advance all expenses in the litigation. If the Court would like to review the retention agreement outlining this arrangement, West Virginia IMB would be happy to provide it for *in camera* review. It is also significant that the court in *Oxford Health*

6

*Plans* refused to appoint a co-lead plaintiff to represent options traders, directly contradicting the core of Lingam's argument. *Id.* at 51.

In *In re Tyco Int'l, Ltd.*, the court appointed a group of investors who *voluntarily* moved for lead plaintiff *together.* No. 00-MD-1335-B, 2000 WL 1513772, at *1 (D.N.H. Aug. 17, 2000). That bears no resemblance to Lingam's attempt to force West Virginia IMB to accept an unwanted Co-Lead Plaintiff. And, again, *Tyco* actually refutes Lingam's core arguments because in that case the court refused to appoint a separate leader for a separate group of investors, finding that the appointed lead plaintiff would "will fairly and adequately represent" the entire class. *Id.* at 8. Similarly, in *Johnson v. Pozen Inc.*, the court appointed a group of investors who "filed a consent motion, asking the court to appoint both of them as Co–Lead Plaintiffs." No. 07-CV-599, 2008 WL 474334, at *1 (M.D.N.C. Feb. 15, 2008). In other words, those movants chose to work together to represent the class. The court did not force the parties into a co-leadership arrangement as Lingam is requesting here.

Finally, in *In re Lucent Techs. Inc. Sec. Litig.*, the court adopted a co-leadership structure in a situation where multiple lawsuits were consolidated and the various complaints made "different claims over varying periods of time." 221 F. Supp. 2d 472, 483 (D.N.J. 2001). No such complexity exists here—this is a single, straightforward action. Accordingly, there is no support for Lingam's attempt to impose an unwanted and unnecessary co-lead plaintiff structure on West Virginia IMB.

**B.      There is No Need to Appoint an Individual as Co-Lead Plaintiff**

Lingam's argument that co-leadership is needed to ensure the diverse leadership is similarly irreconcilable with the PSLRA's mandated appointment procedure. *See Basile v. Valeant Pharms. Int'l, Inc.*, No. SACV 14-2004 DOC(ANx), 2015 WL 13652714, at *2 (C.D. Cal. May 5, 2015) (denying a request from individual investors to be appointed co-lead plaintiff alongside a

group of institutions and finding that courts have "expressed doubt that it is appropriate under the PSLRA to appoint co-lead plaintiffs where the plaintiffs have not filed a joint motion to be appointed together"); *United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc.*, No. 23-CV-6548 (AS), 2023 WL 6622547, at \*2 (S.D.N.Y. Oct. 11, 2023) ("Given the PSLRA's focus on who has the 'largest financial interest,' it would be odd to force the [institutional movant] to enter a power-sharing agreement with a plaintiff whose interest is less than one-twentieth of its own.").

Indeed, Lingam's "proposal contravenes the very purpose of the PSLRA: to place securities class actions in the hands of the investor (ideally a sophisticated institutional investor) with the largest amount at stake in the outcome of the case." *Glauser v. EVCI Ctr. Colleges Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (holding that "where the interest of one institutional investor in this litigation far exceeds the interests of other purported plaintiffs, nothing persuades the Court to appoint co-Lead Plaintiffs"). Lingam vaguely suggests that the Class would somehow benefit from this proposed co-leadership arrangement, but "does not specify any particular interests that are not adequately represented by [institutional investor]." *In re Petrobras Sec. Litig.*, 104 F. Supp. at 625 (rejecting a request for co-lead plaintiff appointing). Vague assertions of "diversity" cannot substitute for concrete evidence of inadequacy.

None of Lingam's cited authority supports Co-Lead Plaintiff appointment. Lingam cites two cases in support of the contention that the Court should appoint both an institution and an individual as Co-Lead Plaintiff. As described above, *Oxford Health Plans* does not support this position. The other case Lingam cites, *Weisz v. Calpine Corp.*, in inapposite. No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002). The court in that case appointed both an institution and an individual because the institution's financial interest was significantly less than the

8

individual movant's financial interest.  *Id.* at *8.  The court found that the institution was "preferable to an individual plaintiff" and therefore decided to appoint both movants.  Here, West Virginia IMB is both a sophisticated institution and the movant with by far the largest financial interest.  Therefore, Co-Lead Plaintiff appointment is unnecessary and inappropriate.

In sum, West Virginia IMB is exactly the lead plaintiff Congress envisioned: a sophisticated institutional investor with the largest financial stake, fully capable of directing this litigation on behalf of the entire Class.  Lingam's co-leadership request finds no support in the statute, no support in the case law, and no support in the facts of this case.  It should be denied.

## CONCLUSION

For the reasons discussed above and in prior briefs, West Virginia IMB respectfully requests that the Court grant its Motion and deny the competing motions.

DATED: April 20, 2026

Respectfully submitted,

**TROUTMAN & JUDGE LLC**

*/s/ Mark H. Troutman*
Mark H. Troutman (0076390), Trial Attorney
Shawn K. Judge (0069493)
1700 Lake Shore Drive, Suite 220
Columbus, OH 43204
Tel: (740) 866-0630
mtroutman@troutmanjudge.com
sjudge@troutmanjudge.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (admitted *pro hac vice*)
Connor C. Boehme (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

9

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of the Court using its CM/ECF system that will send a notice of electronic filing to all counsel of record.

*/s/ Mark H. Troutman*
Mark H. Troutman

*Proposed Liaison Counsel for the Class*
